# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DANIEL MOORE on behalf of himself, and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> MBA WASTE SERVICES, LLC And KENNETH W. MITCHELL, <br><br> Defendants. | **(Jury Trial Demanded)** |

## COMPLAINT

**COMES NOW** Daniel Moore, on behalf of himself and all others similarly situated, and brings this collective action against MBA Waste Services, LLC ("MWSL") and Kenneth W. Mitchell (collectively "Defendants") and respectfully shows the Court as follows:

## INTRODUCTION

1.

This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA" or the "Act").

1

2.

Defendant MWSL, d/b/a Big Johns Portable, is or was a waste company that is engaged in the waste disposal business. Defendant Mr. Mitchell was at all times the owner and control person of Defendant MWSL.

3.

At all times relevant to this dispute, Defendants have failed to pay their employees, including Plaintiff, overtime wages at time and half their hourly rates.

4.

Plaintiff, a resident and citizen of the State of Georgia, is a former employee of Defendants who has suffered due to their unlawful conduct.

5.

Plaintiff brings this action individually and as a collective action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all individuals who have been denied overtime compensation in violation of the FLSA (the "FLSA Collective"). Plaintiff seeks all improperly denied overtime compensation, liquidated damages, interests, attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## JURISDICTION AND VENUE

6.

This action arises under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the Court therefore has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

7.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 because Defendant MWSL is or was a resident of this District and Division and transacts or transacted business in this District and Division.

8.

Venue is also proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Division. Additionally, Defendant MWSL maintains or maintained its principal office and registered agent in this District and Division.

## PARTIES

9.

Plaintiff is a resident and citizen of the State of Georgia and at all pertinent times was employed by Defendants.

10.

Defendant MWSL is a former Georgia limited liability company, administratively dissolved on August 24, 2017, with its principal office address located at 121 Holt Drive, P.O. Box 725, Acworth, Cherokee County, GA, 30101. MWSL may be served with a copy of the Summons and Complaint by serving its registered agent for service of process, Kenneth Mitchell, at the registered address of 121 Holt Drive, P.O. Box 725, Acworth, Cherokee County, GA, 30101.

11.

MWSL is an employer of employees "engaged in commerce," employed in an enterprise engaged in commerce," and/or in "the production of goods for commerce" as defined by 29 U.S.C. § 203. At all relevant times, MWSL's annual gross volume of business was equal to or greater than $500,000.

12.

Defendant Kenneth W. Mitchell is or was the owner of MWSL. Upon information and belief, he may be personally served with a copy of the Summons and Complaint at his residence, 1019 Heathrow Lane, Hendersonville, TN 37075-1710.

13.

At all relevant times, Mr. Mitchell was involved in the day-to-day operations of MWSL such that he was an "employer" pursuant to the FLSA by acting directly or indirectly in the interest of an employer in relation to an employee.

14.

Plaintiff and others similarly situated (the "FLSA Collective") are individuals who include current and former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(3)(1).

15.

Plaintiff and each individual who may choose to join the FLSA Collective is individually covered by the FLSA as he/she utilized the instrumentalities of commerce while performing his/her job duties for Defendants.

**GENERAL ALLEGATIONS**

16.

Defendant MWSL is or was a waste disposal company that was engaged in the business of picking up debris from construction sites, dropping off and picking up dumpsters, and dumping debris in landfills.

17.

Defendant MWSL's business required the employment of commercial truck drivers, including Plaintiff, who used commercial trucks to haul waste from location to location.

18.

At all relevant times, Defendants MWSL and Mr. Mitchell paid MWSL's commercial drivers, including Plaintiff, a day rate, plus some additional compensation for boxes/dumpsters hauled after regular working hours, but did not pay them for the actual hours they worked.

19.

In or around August, 2015, the United States Department of Labor, Wage and Hour Division ("USDOL"), began conducting an investigation of Defendants' illegal pay practices.

20.

The USDOL concluded that Defendants MWSL and Mr. Mitchell met the FLSA definition of an "employer."

21.

The USDOL further concluded that Defendants had, for the time period

spanning from August 10, 2013 through August 1, 2015, failed to pay twenty-two of MWSL's commercial drivers, including Plaintiff, overtime compensation to which the drivers were legally entitled.

22.

The USDOL concluded that Defendants owed MWSL's commercial drivers, including Plaintiff, an amount collectively in excess of one-hundred-twenty-five thousand dollars ($125,000.00) in unpaid overtime compensation. The USDOL further concluded that Defendants had violated the FLSA's record-keeping requirement.

23.

Although Defendants initially agreed to comply with USDOL's investigation, and pay UWSL's commercial drivers the back wages to which they were entitled, Defendants later refused to do so.

24.

Accordingly, Plaintiff, and others similarly situated who may join this action, are forced to file this lawsuit to obtain the unpaid overtime wages to which they are lawfully entitled.

## **COLLECTIVE ACTION ALLEGATIONS**

25.

Plaintiff brings this Collective Action individually and on behalf of the proposed FLSA Collective pursuant to the collective action procedure authorized by 29 U.S.C. § 216(b) of the FLSA, for back wages, liquidated damages, attorneys fees and costs under the FLSA, 29 U.S.C. §§ 206(a), 207(a), and 216(b).

26.

Pursuant to the "opt-in" collective action procedure specified in 29 U.S.C. § 216(b), the named Plaintiff files this collective action on behalf each similarly situated person who files, will file, or who has filed a written consent to be a party to this collective action pursuant to 29 U.S.C. § 216(b) at any time in the time period from the date this action is filed until final judgment is entered by the Court.

27.

As described in the preceding paragraphs, during the applicable statutory period, the named Plaintiff and other members of the proposed FLSA Collective routinely worked in excess of forty hours in a workweek without receiving overtime compensation for their overtime hours worked.

28.

Defendants engaged in a pattern of willfully violating the FLSA by knowingly failing to pay their employees overtime compensation.

29.

Plaintiff, individually and on behalf of the proposed FLSA Collective, seeks relief on a collective basis challenging Defendants' practices of failing to accurately record all hours worked, failing to pay employees for all hours worked, and by failing to pay employees overtime compensation as required by the FLSA.

30.

Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective for overtime work. Accordingly, notice of this action should be sent to the current and former employees of Defendants who have suffered from Defendants' pay practices and who would benefit from issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act

(Brought by Plaintiff on his own behalf and on behalf of others similarly situated)

31.

Plaintiff reasserts and re-alleges the allegations set forth in the above paragraphs fully and completely as if contained herein.

32.

Defendants failed to count all hours worked, to pay for all hours worked, and failed to pay overtime as to Plaintiff and all employees similarly situated in violation of the FLSA.

33.

Defendants failed to keep accurate records of all hours worked by employees, including Plaintiff and similarly situated employees, in violation of the FLSA.

34.

Defendant's failure to pay Plaintiff and similarly situated employees for all hours worked, failure to pay overtime and failure to keep accurate records as set forth herein was a willful, reckless, intentional and/or knowing violation of the FLSA, including all applicable regulations.

35.

Plaintiff and all similarly situated employees have been damaged because of the uniform and company-wide policies detailed above that resulted in the systematic failure to pay overtime at time and a half regular rate as well as the systematic failure to pay workers for all hours worked.

36.

Plaintiff and the FLSA Collective are entitled to damages within the three years preceding the filing of this Complaint, plus any period of equitable tolling, because Defendants knew or should have known or demonstrated reckless disregard as to whether their conduct was prohibited by the FLSA and/or failed to properly post notice of FLSA rights.

37.

Plaintiff and the FLSA Collective are entitled to an award of unpaid wages including unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, demands a TRIAL BY Jury and prays for judgment in his favor and against

Defendants as follows:

a. Designation of this action as a collective action on behalf of those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert FLSA claims in this action by filing consent forms;

b. Enter judgment against Defendants for all unpaid wages, overtime pay, appropriate incentive award to named Plaintiff, back pay, front pay and all other amounts owed under the governing legal authorities;

c. Award declaratory and injunctive relief as permitted by law or equity including, but not limited to, injunctive relief requiring Defendants to comply with the FLSA, to properly pay employees and to avoid future FLSA violations and, if applicable, reinstatement of unlawfully terminated employees or payment of front pay in lieu of reinstatement;

d. Judgment that Defendants' violations of the FLSA were willful;

e. Award liquidated damages in an additional amount equal to wages owed;

f. Award prejudgment interest;

g. Award reasonable attorneys' fees and costs;

h. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

i. Award Plaintiff such other legal and/or equitable relief as this Court may deem proper.

Respectfully submitted this the 6th day of October, 2017.

**FRIED & BONDER, LLC**

s/ David Fried
David S. Fried
Georgia Bar No. 277319
Joseph A. White
Georgia Bar No. 754315
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, Georgia 30318
Phone: (404) 995-8808
dfried@friedbonder.com
jwhite@friedbonder.com

Wyatt Law LLC

s/Daniel Wyatt
Daniel Wyatt
Georgia Bar No. 778915
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, Georgia 30318
Phone: (678) 576-7816
danielwyatt@wyatt-law.com
ATTORNEYS FOR PLAINTIFFS